4330-8001/RJC/JMS/fmp/#1778622

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER TIMMONS, an Individual,<br>  Plaintiff,<br>vs.<br><br>HILTON HOTELS CORPORATION<br>a Delaware Corporation,<br><br>  Defendant. | No.: 08 C 256<br>Judge Ronald Guzman<br>Mag. Michael Mason |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, HILTON HOTELS CORPORATION, a Delaware Corporation, by and through its attorneys, JOHNSON & BELL, LTD., and pursuant to Federal Rule of Civil Procedure 8(b) and 8(c), states for its Answer and Affirmative Defenses to plaintiff's Complaint at Law, as follows:

### PARTIES

1. Plaintiff, Christopher Timmons ("Christopher"), is currently a citizen of Florida, residing at 794 Snow Hill Rd., Geneva, Florida. On or about December 11, 2005 Christopher was a guest staying at the Chicago Hilton and Towers Hotel, a.k.a. Hilton Chicago ("the Hotel"), in Chicago, Cook County, Illinois.

ANSWER:   Based on information and belief, defendant admits the allegations contained in paragraph 1.

2. At all times relevant, Defendant Hilton Hotels Corporation was the owner and/or operator of the Hilton Hotel and Towers, a.k.a. Hilton Chicago, located at 720 S. Michigan Ave., in Chicago, Cook County, Illinois.

ANSWER: Defendant admits that at all times relevant, it was the operator of the "Hilton Hotel and Towers, a.k.a. Hilton Chicago" located at 720 South Michigan Avenue in Chicago, Cook County, Illinois." Defendant denies that it was the owner of the "Hilton Hotel and Towers, a.k.a. Hilton Chicago" located at 720 South Michigan Avenue in Chicago, Cook County, Illinois."

3. Hilton Hotels Corporation is a Delaware Corporation, doing business in various places in Illinois, including at 720 S. Michigan Ave., Chicago, Illinois.

ANSWER: Defendant admits the allegations contained in paragraph 3.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 735 ILCS 5/2-101. Furthermore, the events which gave rise to this cause of action took place in Cook County, at a property owned and/or operated by Defendant.

ANSWER: Defendant admits that the Circuit Court of Cook County, Illinois, County Department, Law Division has jurisdiction over this matter pursuant to 735 ILCS 5/2-101, that the U.S. District Court for the Northern District of Illinois, Eastern Division has diversity jurisdiction over this matter pursuant to Title 28, U.S.C. Sections 1332(a), 1332(c)(1), 1441(a) and 1446(b) and that the events which gave rise to this cause of action took place in Cook County at a property operated by the defendant. Defendant denies that the events which gave rise to his cause of action took place in Cook County at a property owned by the defendant.

## GENERAL ALLEGATIONS

5. On or about December 11, 2005 while in his guest room at the Hotel, Christopher slipped and fell in the bathroom of his guestroom resulting in serious personal injuries.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5.

6. Since December 11, 2005, Christopher has undergone several surgeries and other medical treatment for the injuries he sustained at the Hotel in the incident in question.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.

7. As a result of the injuries sustained in the incident in question, Christopher has had to endure severe pain and suffering, lost time from work, and has and will continue to have disability in his arm.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

## COUNT I
## PREMISES LIABILITY-NEGLIGENCE

8. Plaintiff repeats, realleges and incorporates paragraphs 1 through 7 as if fully set forth herein.

ANSWER: Defendant adopts and restates its answers to paragraphs 1 through 7 as though fully set forth herein.

9. At all relevant times, Defendant Hilton Hotels Corporation owed a duty of care to Christopher to maintain the Hotel, including guest rooms and guest room bathrooms, in a safe manner.

ANSWER: Defendant admits only those duties recognized and imposed under Illinois law. Defendant denies the breach of any duty or duties. Defendant further answers that Count I, paragraph 9 correctly sets forth the applicable duty or duties.

3

10. At the time and place aforesaid, Defendant breached its duty owed to Christopher by committing one or more of the following careless and negligent acts or omissions:

    a. Failed to maintain the guest bathroom in question in a safe manner;
    b. Failed to provide a bathtub in the guest room in question with adequate traction on its surface;
    c. Failed to provide a means to enhance traction in the bathtub and other slippery surfaces in the bathroom in the guest room in question so as to be unsafe;
    d. Failed to provide adequate handrails and other safety devices in the bathroom in the guest room in question so as to be unsafe;
    e. Was negligent and careless in maintaining the bathroom and bathtub in the guest room in question;
    f. Failed to take adequate steps to protect Christopher's safety; and
    g. Was otherwise careless and negligent.

ANSWER: Defendant denies the allegations contained in Count I, paragraph 10(a) through (g) inclusive.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions, Christopher suffered severe and permanent injuries and experienced substantial pain and suffering.

ANSWER: Defendant denies the allegations contained in Count I, paragraph 11.

12. By reason of his injuries, Christopher was prevented from attending his usual duties and affairs and became compelled to expend, and become liable for, large sums of money for hospital, surgical, and medical care, which to date exceed $33,000.00.

ANSWER: Defendant denies the allegations contained in Count I, paragraph 12.

WHEREFORE, the Defendant, HILTON HOTELS CORPORATION, a Delaware Corporation, prays that this Honorable Court enter judgment in its favor and against the plaintiff, CHRISTOPHER TIMMONS. Defendant further denies that the plaintiff,

CHRISTOPHER TIMMONS, is entitled to judgment in an amount in excess of $50,000.00, plus costs. Defendant requests any and all other relief deemed just and proper.

## COUNT II
## COMMON LAW NEGLIGENCE

13. Plaintiff repeats, realleges and incorporations paragraphs 1 through 12 as if fully set forth therein.

ANSWER: Defendant adopts and restates its answers to paragraphs 1 through 12 as though fully set forth herein.

14. At all relevant times, Defendant Hilton Hotels Corporation owed a duty of care to Christopher to maintain the Hotel, including guest rooms and guest rooms bathrooms in a safe manner.

ANSWER: Defendant admits only those duties recognized and imposed under Illinois law. Defendant denies any breach of the applicable duty or duties. Defendant denies that Count II, paragraph 14 correctly sets forth those duties.

15. At the time and place aforesaid, Defendant breached its duty owed to Christopher by committing one or more of the following careless and negligent acts or omissions:

    a. Failed to maintain the guest bathroom in question in a safe manner;
    b. Failed to provide a bathtub in the guest room in question with adequate traction on its surface;
    c. Failed to provide a means to enhance traction in the bathtub and other slippery surfaces in the bathroom in the guest room in question so as to be unsafe;
    d. Failed to provide adequate handrails and other safety devices in the bathroom in the guest room in question so as to be unsafe;
    e. Was negligent and careless in maintaining the bathroom and bathtub in the guest room in question;
    f. Failed to take adequate steps to protect Christopher's safety; and
    g. Was otherwise careless and negligent.

5

ANSWER: Defendant denies the allegations contained in Count II, paragraph 15(a) through (g) inclusive.

16. As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions, Christopher suffered severe and permanent injuries and experienced substantial pain and suffering.

ANSWER: Defendant denies the allegations contained in Count II, paragraph 16.

17. By reason of his injuries, Christopher was prevented from attending his usual duties and affairs and became compelled to expend, and become liable for, large sums of money for hospital, surgical, and medical care, which to date exceed $33,000.00.

ANSWER: Defendant denies the allegations contained in Count II, paragraph 17.

WHEREFORE, the Defendant, HILTON HOTELS CORPORATION, a Delaware Corporation, prays that this Honorable Court enter judgment in its favor and against the plaintiff, CHRISTOPHER TIMMONS. Defendant further denies that the plaintiff, CHRISTOPHER TIMMONS, is entitled to judgment in an amount in excess of $50,000.00, plus costs. Defendant requests any and all other relief deemed just and proper.

### **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, HILTON HOTELS CORPORATION, a Delaware Corporation, by and through its attorneys, JOHNSON & BELL, LTD., and pursuant to Federal Rule of Civil Procedures 8(c), for its Affirmative Defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the injuries, expenses and pecuniary losses and other damages claimed by the plaintiff, CHRISTOPHER TIMMONS, were caused in whole or in part by the contributory negligence, fault or other intentional, wrongful conduct of the plaintiff, CHRISTOPHER TIMMONS, and that any verdict or judgment obtained by CHRISTOPHER TIMMONS should be reduced by an amount commensurate with the degree of contributory negligence or fault attributable to CHRISTOPHER TIMMONS by the jury in this cause.

## SECOND AFFIRMATIVE DEFENSE

Defendant states and alleges that the injuries, expenses, and pecuniary losses and other damages claimed by the plaintiff, CHRISTOPHER TIMMONS, were caused in whole or in part by the contributory negligence, fault or other intentional wrongful conduct of CHRISTOPHER TIMMONS which exceeds 50% of the cause of this occurrence, and that his action is therefore barred by the comparative negligence on the part of CHRISTOPHER TIMMONS, acting individually, exceeding 50% of the cause of this occurrence.

## THIRD AFFIRMATIVE DEFENSE

1. That the plaintiff, CHRISTOPHER TIMMONS, had a duty to exercise reasonable care for his own safety at all times set forth in the plaintiff's complaint.

2. That the plaintiff, CHRISTOPHER TIMMONS, was not in the exercise of reasonable care or due care and caution for his own safety at all times set forth in plaintiff's complaint and was guilty of contributory negligence in the following respects:

   (a) Failed to maintain a proper lookout for the conditions then and there existing while on defendant's premises;
   (b) Failed to maintain a proper lookout for his own safety while on defendant's premises;

(c) Failed to perceive a known and obvious condition which then and there existed; and

(d) Failed to use proper care and caution when using the bathtub/shower.

WHEREFORE, the Defendant, HILTON HOTELS CORPORATION, a Delaware Corporation, denies that the plaintiff, CHRISTOPHER TIMMONS, is entitled to judgment in an amount whatsoever. In the alternative, defendant prays that any judgment entered against this defendant be reduced by the degree of contributory negligence or fault attributable to the plaintiff CHRISTOPHER TIMMONS's own negligent conduct or fault, or, in the alternative, that judgment be entered in favor of the defendant if CHRISTOPHER TIMMONS contributory fault is determined to exceed 50%.

Respectfully submitted,

JOHNSON & BELL, LTD.

_/s/ Robert J. Comfort_
Robert J. Comfort
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
Telephone:  (312) 372-0770
Facsimile:  (312) 372-9818

## CERTIFICATE OF SERVICE

      The undersigned, an attorney of record, upon oath states that a true and complete copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW** was filed and served electronically this 15th day of January, 2008.

*Attorneys for Plaintiff*
Edward J. Manzke
Daniel C. Fabbri
The Collins Law Firm, P.C.
1770 North Park Street, Suite 200
Naperville, IL 60563
ejmanzke@collinslaw.com
dfabbri@collinslaw.com

                                                  /s/ *Robert J. Comfort*
                                                      One of Its Attorneys

[X]    Under penalties as provided by law pursuant to Section 5/1-109 of the Illinois Code of Civil Procedure (750 ILCS 5/1-109), I certify that the statements set forth herein are true and correct.